```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :
                                         AFFIRMATION
        - v -                  :
                                         07 Cr. 366 (JSR)
DERICK OPPONG                  :

             Defendant.        :
------------------------------X
```

I, Robert M. Baum, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an assistant Federal Defender with the Federal Defenders of New York and was previously assigned to represent defendant Roberto Ortiz in this case.

2. I make this declaration in support of Roberto Ortiz's motion to suppress physical evidence and statements.

3. All statements herein are made upon information and belief unless otherwise indicated.

4. I have reviewed documents and records provided by the Government and conducted independent investigation into the facts and circumstances surrounding this case.

5. Roberto Ortiz is charged in the instant indictment with one count of conspiracy to violate the narcotics laws of the United States and one count of possession with intent to distribute cocaine. See Indictment, Defense Exhibit A.

6. On April 15, 2007, Roberto Ortiz was in the vicinity of 1065 Boston Road in the Bronx, New York. Ortiz Affirmation ("Aff.") at ¶ 3.

7. Mr. Ortiz left a building at that location in order to remove a piece of luggage from a black Volvo with Rhode Island plates that was parked nearby. Aff. ¶ 3-4.

8  Mr. Ortiz removed the luggage from the car and began walking toward the building with the luggage in his possession. Aff. ¶ 5.

9. He was stopped by a law enforcement officer who displayed his shield and ordered him to "stop." Aff. ¶ 6.

10. He initially submitted to the authority of the officer but then began to run, leaving the luggage behind at the location of the stop. Aff. ¶ 8, and ¶ 10.

11. He was soon apprehended by law enforcement officers who took him into custody and placed him under arrest. Prior to his arrest he was not asked any questions. Aff. ¶ 9.

12. The law enforcement agents who arrested Mr. Ortiz were federal DEA agents. See Complaint ("Compl.") Exhibit B, ¶ 3.

13. When Mr. Ortiz ran from the federal agents, he was just about to enter a building when stopped by the agent who announced he was a police officer. Compl. ¶ 7.

14. Another agent immediately secured the luggage which Mr. Ortiz had left and opened it finding that inside was approximately 15 kilograms of cocaine. Compl. ¶ 8.

14. Prior to the ordered stop of Mr. Ortiz, agents had observed him in the lobby of a motel standing with other males. After approximately one hour of surveillance, one male loaded a

piece of luggage into the black Volvo which then left the area. Compl. ¶ 4.

15. The agents followed Mr. Ortiz and other males to the location in the Bronx, and stopped him after he retrieved the luggage with cocaine from a parked car. No other observations were made.

16. The subsequent stop of Mr. Ortiz and his arrest were conducted without reasonable suspicion or probable cause. The innocent behavior observed by agents prior to the stop of Mr. Ortiz did not provide any reasonable suspicion of criminal activity.

17. The recovery of narcotics found in the luggage that was possessed by Mr. Ortiz and his subsequent statements, were a direct result of the initial illegal stop and subsequent seizure without probable cause.

**WHEREFORE**, and on the grounds set forth in the attached Memorandum of Law, it is respectfully requested that this Court enter an Order suppressing physical evidence obtained in violation of the Fourth Amendment and Fifth Amendments to the United States Constitution, or in the alternative, grant a hearing on the issues raised, and any further relief as the Court deems just and proper.

Dated:    New York, New York
          June 11, 2007

                                        _____
                                        **ROBERT M. BAUM, ESQ.**