```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :
                                       NOTICE OF MOTION
        - v -                  :
                                       08 Cr. 143 (NRB)
DERICK OPPONG                  :

                Defendant.     :
------------------------------X
```

**PLEASE TAKE NOTICE** that upon the annexed affirmation of **ROBERT M. BAUM, ESQ.**, and the defendant herein, **DERICK OPPONG**, we will move before the **HONORABLE NAOMI REICE BUCHWALD**, United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, New York, New York, on a date to be determined, for an Order, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, and the Fourth and Fifth Amendments to the United States Constitution, suppressing physical evidence, and statements; and such other relief as the Court may deem just and proper.

Dated:   New York, New York
         May 5, 2008

                                  Respectfully submitted,
                                  LEONARD F. JOY, ESQ.
                                  Federal Defenders of New York
                          By:     _____
                                  **ROBERT M. BAUM, ESQ.**
                                  Attorney for Defendant
                                      **DERICK OPPONG**
                                  52 Duane Street - 10th Floor
                                  New York, New York 10007

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney

```
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn:      AMY LESTER, ESQ.
           Assistant United States Attorney
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :
                                          AFFIRMATION
          - v -                :
                                          08 Cr. 143 (NRB)
DERICK OPPONG                  :

               Defendant.      :
------------------------------X
```

I, Robert M. Baum, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an assistant Federal Defender with the Federal Defenders of New York and was previously assigned to represent defendant Derick Oppong in this case.

2. I make this declaration in support of Derick Oppong's motion to suppress physical evidence and statements.

3. All statements herein are made upon information and belief unless otherwise indicated.

4. I have reviewed documents and records provided by the Government and conducted independent investigation into the facts and circumstances surrounding this case.

5. Derick Oppong is charged in the instant indictment with one count of possession of a firearm after having previously been convicted of a felony punishable by imprisonment for a term exceeding one year. See Indictment, Defense Exhibit A.

6. On or about December 23, 2007, at approximately 12:45 A.M., Mr. Oppong left his apartment and was walking down the staircase within his building. Oppong Affirmation ("Aff.") at ¶3

7. He observed some men who were in plain clothes walking up the stairway toward him. Aff. ¶ 3.

8. He became frightened and started to run up the stairway. Aff. ¶ 4.

9. When he reached the sixth floor, one of the men grabbed him from behind and wrestled him to the ground, holding him there while he searched him. Aff. ¶¶'s 5 and 7.

10. He later learned that this man was a police officer. Aff. ¶ 3.

11. As a result of the search, a firearm was recovered. Aff. ¶ 7.

12. The police were in the building in response to a radio run which they received earlier that evening, reporting disorderly conduct. See Complaint ("Compl.") Exhibit B, ¶ 2(a).

13. More than seven hours after the arrest of Mr. Oppong, statements were obtained after he had signed a Miranda waiver, however, the police continued to question him even after he advised them that he was represented by an attorney and that he no longer wished to speak with them until his attorney was present. Compl. ¶ 3, Aff. ¶ 8.

14. The officer's observations of Mr. Oppong running up the stairway was insufficient to justify an arrest and search.

15. The forcible stop of Mr. Oppong and the search occurred after he was taken into custody and were conducted without probable cause. The recovery of the firearm and subsequent

statements were the product of the initial illegal detention. Statements were also obtained in violation of his right to counsel.

**WHEREFORE**, and on the grounds set forth in the attached Memorandum of Law, it is respectfully requested that this Court enter an Order suppressing physical evidence and statements obtained in violation of the Fourth Amendment and Fifth Amendments to the United States Constitution; or in the alternative, grant a hearing on the issues raised, and any further relief as the Court deems just and proper.

Dated:    New York, New York
          May 5, 2008

**ROBERT M. BAUM, ESQ.**

Case 1:08-cr-00143-NRB   Document 15-3   Filed 05/06/2008   Page 2 of 3

Case 1:08-cr-00143-NRB    Document 15-3    Filed 05/06/2008    Page 3 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :        INDICTMENT

    - v. -                        :        08 Cr.

DERICK OPPONG,                    :
    a/k/a "Derick Oppeng,"
                              :

              Defendant.
                              :
- - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

On or about December 23, 2007, in the Southern District of New York, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about July 20, 1999, in New York Supreme Court, Bronx County, for Criminal Possession of a Loaded Firearm in the Third Degree, in violation of New York Penal Law 265.02(4), a Class D Felony, did possess in and affecting commerce, a firearm, to wit, a loaded Glock .45 caliber handgun, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)


_____         _____
FOREPERSON                        MICHAEL J. GARCIA
                                  United States Attorney

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DERICK OPPONG,
a/k/a "Derick Oppeng,"

Defendant.

INDICTMENT

08 Cr.

(18 U.S.C. § 922(g)(1))

MICHAEL J. GARCIA<br>United States Attorney.

A TRUE BILL

Foreperson.

Approved: _____
AMY LESTER
Assistant United States Attorney

Before:    HONORABLE ANDREW J. PECK
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        :    SEALED COMPLAINT

         - v. -                 :    Violation of
                                     18 U.S.C. § 922(g)(1)
DERICK OPPONG,                  :
   a/k/a "Derick Oppeng,"            COUNTY OF OFFENSE:
                                :    BRONX
              Defendant.
                                :
- - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

     ROCK E. PEREIRA, being duly sworn, deposes and says that he is a Police Officer with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE

     On or about December 23, 2007, in the Southern District of New York, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about July 20, 1999, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law 265.02(4), a Class D felony, did possess in and affecting commerce, a firearm, to wit, a loaded Glock .45 caliber handgun, which previously had been shipped and transported in interstate and foreign commerce.

     (Title 18, United States Code, Section 922(g)(1).)

     The bases for my knowledge and the foregoing charge are, in part, as follows:

     1.   I am a Police Officer with the NYPD, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and

others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. I have spoken with a Sergeant with the NYPD ("Sergeant-1"). From Sergeant-1, I have learned the following, in substance and in part:

(a) On or about December 23, 2007, at approximately 12:45 a.m., Sergeant-1 and three NYPD officers were conducting floor-by-floor inspections in a building located at 820 East 180th Street, Bronx, New York (the "Building"), in response to radio runs which had reported disorderly conduct earlier in the evening.

(b) As part of the inspection, Sergeant-1 and one of the officers ("Officer-1") were talking with a group of individuals on the second floor of the Building, when they observed DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, come out of the door leading to one of the stairwells of the Building.

(c) OPPONG saw Sergeant-1 and Officer-1, uttered an obscenity, and immediately turned around and began to run up the stairs. Sergeant-1 and Officer-1 pursued OPPONG up the stairs. As OPPONG ran up the stairs, Sergeant-1 observed OPPONG holding his waistband.

(d) Around the sixth floor, Sergeant-1 caught up with OPPONG and was able to bring him to the ground. As Sergeant-1 attempted to restrain him, OPPONG brought his hand out from his waistband. As OPPONG did so, he hit his arm against the stair railing and a gun fell from his hand, landing near the fifth floor stairwell below.

(e) At that point, OPPONG was placed under arrest.

3. At approximately 8:30 a.m. on the day of his arrest, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, was read and signed a waiver of his Miranda rights and provided an oral statement. In that statement, OPPONG said he had purchased the gun for $200 approximately one week prior to his arrest.

4.   I have reviewed the NYPD arrest report and voucher that identify the gun discarded by DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, as a Glock .45 caliber handgun. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF agent familiar with where firearms are made, I know that Glock .45 caliber handguns are not and have never been manufactured in the State of New York.

5.   I have reviewed criminal records pertaining to DERICK OPPONG, a/k/a "Derick Oppeng," the defendant. Those records reveal that OPPONG was convicted on or about July 20, 1999, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law 265.02(4), a Class D felony.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
POLICE OFFICER ROCK E. PEREIRA
Firearms Enhancement Unit
New York City Police Department

Sworn to before me this
16th day of January, 2008

_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3