Approved: _____
AMY LESTER
Assistant United States Attorney

Before:   HONORABLE ANDREW J. PECK
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :    SEALED COMPLAINT

          - v. -                  :    Violation of
                                       18 U.S.C. § 922(g)(1)
DERICK OPPONG,                    :
   a/k/a "Derick Oppeng,"              COUNTY OF OFFENSE:
                                  :    BRONX
               Defendant.
                                  :
- - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

     ROCK E. PEREIRA, being duly sworn, deposes and says that he is a Police Officer with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE

     On or about December 23, 2007, in the Southern District of New York, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about July 20, 1999, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law 265.02(4), a Class D felony, did possess in and affecting commerce, a firearm, to wit, a loaded Glock .45 caliber handgun, which previously had been shipped and transported in interstate and foreign commerce.

     (Title 18, United States Code, Section 922(g)(1).)

     The bases for my knowledge and the foregoing charge are, in part, as follows:

     1.   I am a Police Officer with the NYPD, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and

others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

      2. I have spoken with a Sergeant with the NYPD ("Sergeant-1"). From Sergeant-1, I have learned the following, in substance and in part:

      (a) On or about December 23, 2007, at approximately 12:45 a.m., Sergeant-1 and three NYPD officers were conducting floor-by-floor inspections in a building located at 820 East 180th Street, Bronx, New York (the "Building"), in response to radio runs which had reported disorderly conduct earlier in the evening.

      (b) As part of the inspection, Sergeant-1 and one of the officers ("Officer-1") were talking with a group of individuals on the second floor of the Building, when they observed DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, come out of the door leading to one of the stairwells of the Building.

      (c) OPPONG saw Sergeant-1 and Officer-1, uttered an obscenity, and immediately turned around and began to run up the stairs. Sergeant-1 and Officer-1 pursued OPPONG up the stairs. As OPPONG ran up the stairs, Sergeant-1 observed OPPONG holding his waistband.

      (d) Around the sixth floor, Sergeant-1 caught up with OPPONG and was able to bring him to the ground. As Sergeant-1 attempted to restrain him, OPPONG brought his hand out from his waistband. As OPPONG did so, he hit his arm against the stair railing and a gun fell from his hand, landing near the fifth floor stairwell below.

      (e) At that point, OPPONG was placed under arrest.

      3. At approximately 8:30 a.m. on the day of his arrest, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, was read and signed a waiver of his <u>Miranda</u> rights and provided an oral statement. In that statement, OPPONG said he had purchased the gun for $200 approximately one week prior to his arrest.

        4.   I have reviewed the NYPD arrest report and voucher that identify the gun discarded by DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, as a Glock .45 caliber handgun. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF agent familiar with where firearms are made, I know that Glock .45 caliber handguns are not and have never been manufactured in the State of New York.

        5.   I have reviewed criminal records pertaining to DERICK OPPONG, a/k/a "Derick Oppeng," the defendant. Those records reveal that OPPONG was convicted on or about July 20, 1999, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law 265.02(4), a Class D felony.

        WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

                                      _____
                                      POLICE OFFICER ROCK E. PEREIRA
                                      Firearms Enhancement Unit
                                      New York City Police Department

Sworn to before me this
16th day of January, 2008

s/ Andrew J. Peck
_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :    INDICTMENT

          - v. -                 :    08 Cr.

DERICK OPPONG,                   :
    a/k/a "Derick Oppeng,"
                                 :
                    Defendant.
                                 :
- - - - - - - - - - - - - - - - x
```

## COUNT ONE

The Grand Jury charges:

On or about December 23, 2007, in the Southern District of New York, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about July 20, 1999, in New York Supreme Court, Bronx County, for Criminal Possession of a Loaded Firearm in the Third Degree, in violation of New York Penal Law 265.02(4), a Class D Felony, did possess in and affecting commerce, a firearm, to wit, a loaded Glock .45 caliber handgun, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

_____          _____
FOREPERSON                       MICHAEL J. GARCIA
                                 United States Attorney

1

=================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

=================================================

UNITED STATES OF AMERICA

- v. -

DERICK OPPONG,
a/k/a "Derick Oppeng,"

Defendant.

=================================================

INDICTMENT

08 Cr.

(18 U.S.C. § 922(g)(1))

=================================================

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

=================================================

Approved: _____
AMY LESTER
Assistant United States Attorney

Before:    HONORABLE ANDREW J. PECK
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :    SEALED COMPLAINT

         - v. -                   :    Violation of
                                       18 U.S.C. § 922(g)(1)
DERICK OPPONG,                    :
   a/k/a "Derick Oppeng,"              COUNTY OF OFFENSE:
                                  :    BRONX
              Defendant.
                                  :
- - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        ROCK E. PEREIRA, being duly sworn, deposes and says that he is a Police Officer with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE

        On or about December 23, 2007, in the Southern District of New York, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about July 20, 1999, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law 265.02(4), a Class D felony, did possess in and affecting commerce, a firearm, to wit, a loaded Glock .45 caliber handgun, which previously had been shipped and transported in interstate and foreign commerce.

        (Title 18, United States Code, Section 922(g)(1).)

        The bases for my knowledge and the foregoing charge are, in part, as follows:

        1.    I am a Police Officer with the NYPD, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and

others and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    2.   I have spoken with a Sergeant with the NYPD ("Sergeant-1").  From Sergeant-1, I have learned the following, in substance and in part:

    (a)  On or about December 23, 2007, at approximately 12:45 a.m., Sergeant-1 and three NYPD officers were conducting floor-by-floor inspections in a building located at 820 East 180th Street, Bronx, New York (the "Building"), in response to radio runs which had reported disorderly conduct earlier in the evening.

    (b)  As part of the inspection, Sergeant-1 and one of the officers ("Officer-1") were talking with a group of individuals on the second floor of the Building, when they observed DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, come out of the door leading to one of the stairwells of the Building.

    (c)  OPPONG saw Sergeant-1 and Officer-1, uttered an obscenity, and immediately turned around and began to run up the stairs.  Sergeant-1 and Officer-1 pursued OPPONG up the stairs.  As OPPONG ran up the stairs, Sergeant-1 observed OPPONG holding his waistband.

    (d)  Around the sixth floor, Sergeant-1 caught up with OPPONG and was able to bring him to the ground.  As Sergeant-1 attempted to restrain him, OPPONG brought his hand out from his waistband.  As OPPONG did so, he hit his arm against the stair railing and a gun fell from his hand, landing near the fifth floor stairwell below.

    (e)  At that point, OPPONG was placed under arrest.

    3.   At approximately 8:30 a.m. on the day of his arrest, DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, was read and signed a waiver of his <u>Miranda</u> rights and provided an oral statement.  In that statement, OPPONG said he had purchased the gun for $200 approximately one week prior to his arrest.

4. I have reviewed the NYPD arrest report and voucher that identify the gun discarded by DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, as a Glock .45 caliber handgun. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF agent familiar with where firearms are made, I know that Glock .45 caliber handguns are not and have never been manufactured in the State of New York.

5. I have reviewed criminal records pertaining to DERICK OPPONG, a/k/a "Derick Oppeng," the defendant. Those records reveal that OPPONG was convicted on or about July 20, 1999, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law 265.02(4), a Class D felony.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of DERICK OPPONG, a/k/a "Derick Oppeng," the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
POLICE OFFICER ROCK E. PEREIRA
Firearms Enhancement Unit
New York City Police Department

Sworn to before me this
16th day of January, 2008

s/ _____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3